UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: HARDIEPLANK FIBER CEMENT SIDING LITIGATION | Case No. 12-md-2359<br>MDL No. 2359 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | PRETRIAL ORDER NO. 1 |

## CASE MANAGEMENT ORDER

Whereas, on June 11, 2012, the Judicial Panel on Multidistrict Litigation issued an order pursuant to 28 U.S.C. § 1407 transferring four actions to the District of Minnesota for coordinated or consolidated pretrial proceedings;

Whereas, the Judicial Panel's Order provided that the transferred cases be captioned In re: HardiePlank Fiber Cement Siding Litigation and be given the designation MDL No. 2359;

Whereas, on September 6, 2012, Plaintiffs' and Defendant's counsel filed a Joint Case Management Conference Statement [Docket No. 10];

Whereas on September 12, 2012, the Court held a status conference in this matter;

1

The Court adopts the Joint Case Management Conference Statement as modified and issues the following Case Management Order No. 1 for the case, and the parties are ordered to comply with this Order:

**IT IS HEREBY ORDERED**:

A.  **Transfer and Consolidation**

The parties disagree on the deadline after which tag-along actions are stayed. The Special Master shall issue an order setting forth the deadline after which tag-along actions are stayed, as part of the Special Master's order regarding pretrial deadlines.

B.  **Parties, Case Caption, and Counsel**

  1.  **No Effect on Claims or Defenses.**

The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she or it has not been properly named, served or joined, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein, and

Defendant's consent thereto, shall not constitute a waiver by any party of any claims in or defenses to any of the Actions.

**2.     Case Caption.**

Every paper filed in these consolidated proceedings, or in any separate action included therein, should bear the following caption:

**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| IN RE: HARDIEPLANK FIBER CEMENT SIDING LITIGATION | Case No. 12-md-2359<br>MDL No. 2359 |

---

**3.     All Cases.**

When a paper is intended to be applicable to all of the actions to which this Order is applicable, the words "THIS DOCUMENT RELATES TO ALL ACTIONS" should appear below the words "IN RE: HARDIEPLANK FIBER CEMENT SIDING LITIGATION" in the caption.

**4.     Specific Cases.**

When a paper is intended to apply only to some, but not to all of such actions, this Court's docket number for each individual action to which the paper is intended to be applicable and the last name of the named plaintiff in said

action should appear immediately below the words "MDL No. 2359" in the caption described above, *e.g.*, "Case No. 11-cv-958, Picht." The words "Case No. 12-md-2359" should be deleted.

All orders, pleadings, motions, and other documents that are normally filed in a civil action as required by Federal Rule of Civil Procedure 5 and that relate only to an individual case shall be filed in the MDL No. 2359 case as well as in the individual case. A document that relates to all actions should be filed only in the MDL No. 2359 case.

### 5.    Defendant's Management Counsel

Defendant has designated Christopher M. Murphy of the law firm of McDermott Will & Emery LLP as its lead counsel. There is no objection by Plaintiffs to this designation.

### 6.    Plaintiffs' Management Counsel.

The Court has designated Lead Counsel and an Executive Committee for Plaintiffs as set forth in its Order Regarding Appointment of Lead Counsel and Executive Committee [Docket No. 20] filed September 28, 2012.

4

7. **Coordination.**

Plaintiffs shall, to the extent practicable, seek to coordinate their efforts, including discovery efforts and motion practice, among themselves for efficient and prompt management of the Actions.

8. **Privilege of Coordination Efforts.**

Cooperation among Plaintiffs to coordinate motion practice, discovery, or to otherwise minimize burdens and expenses in this litigation is encouraged by this Court and shall not constitute evidence of bad faith, conspiracy, concerted action, or any other wrongful or unlawful conduct. The fact of such cooperation and/or communication(s) as a result of such cooperation: (1) shall not be communicated to the trier of fact in this litigation under any circumstances; and (2) shall not be otherwise used in any other litigation. All information and documents exchanged among Plaintiffs for purposes of prosecuting this litigation are communicated for the limited purpose of assisting in a common cause and shall not constitute a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

9. **Attorneys' Time and Expense Records**

5

All counsel who may seek to recover court-awarded attorneys' fees shall keep a daily record of their time and expenses incurred in connection with the Actions, indicating with specificity the hours, locations and particular activity and shall, by the twentieth day of each month, submit to Plaintiffs' Lead Counsel a report of their time and expense records for the preceding month.

C.  **Pretrial Discovery and Expert Schedule and Class Certification Motion Practice**

The parties disagree on the specifics of a discovery plan. The Special Master shall issue an order setting forth the dates for the discovery plan and pretrial deadlines.

D.  **Discovery Limitations and Other Discovery Agreements**

1.  **Discovery Limitations**.

By agreement of the parties, the parties shall be limited to the following numbers of discovery procedures:

- 50 interrogatories (including subparts) by Plaintiffs collectively to Defendant, and 50 interrogatories (including subparts) by Defendant to each Plaintiff;

6

- 40 document requests (including subparts) by Plaintiffs collectively to Defendant, and 40 document requests (including subparts) by Defendant to Plaintiffs collectively;

- 15 depositions (not including expert depositions) by Plaintiffs collectively. Defendant may take the depositions of all named Plaintiffs as well as 10 other depositions (not including expert depositions);

- 25 requests for admission (including subparts) by Plaintiffs collectively to Defendant, and 25 requests for admission (including subparts) by Defendant to each Plaintiff.

### 2. Discovery Agreements

**(a) Dispute Resolution.**

To avoid unnecessary litigation concerning discovery disputes, counsel will meet and confer pursuant to Local Rule 7.1(a) before contacting the Court on discovery matters or filing a motion concerning discovery. In the event the parties are unable to resolve their differences after meeting and conferring, then a party may bring the dispute to the Court's attention by motion before the Special Master. Discovery motions must be accompanied by a notice of

7

presentment specifying the date and time on which the motion will be presented to the Special Master.

**(b)     Document Production.**

Documents produced by Defendant shall be produced in an electronic format on a CD or DVD to Plaintiffs' lead counsel (or his designee) who shall copy or reproduce each CD or DVD for the benefit of all of the Plaintiffs. Documents produced by each Plaintiff shall be produced in an electronic format on a CD or DVD to Defendant's lead counsel (or his designee). In addition, Defendant shall be permitted to serve requests upon each Plaintiff pursuant to Fed. R. Civ. P. 34(a)(2) for the purpose of entering onto the Plaintiffs' land for inspection and other purposes.

**(c)     Suspension of Fed. R. Civ. P. 26(a)(1).**

By agreement of the parties, the requirements of Federal Rule of Civil Procedure 26(a)(1) are suspended in this case.

**(d)     Depositions - Generally.**

The procedures governing and limiting depositions, including resolution of any disputes arising during depositions, shall be in accordance with the

8

Federal Rules of Civil Procedure. Counsel are required to cooperate with, and be courteous to, each other and each deponent.

**(e)    Scheduling of Depositions.**

Absent extraordinary circumstances, counsel shall consult in advance in an effort to schedule depositions at mutually convenient times and places. Plaintiffs' lead counsel (or his designee) and Defendant's lead counsel (or his designee) shall attempt to establish by mutual agreement a schedule for depositions in this proceeding that reflects sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties; and (b) the objective of avoiding the need to subject any person to repeated depositions. The parties shall work cooperatively to ensure a fair and orderly process for the scheduling of depositions, and shall comply with all of the other directives set forth in this Order. Depositions shall not be allowed, without leave of Court or by agreement of the parties, on less than fourteen days' notice. Unless otherwise agreed by the parties or ordered by the Court, the depositions of the named Plaintiffs shall take place within the judicial districts of their respective residences.

**(f)    Service and Filing of Discovery Documents.**

9

Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses will not be filed with the Court, except when specifically ordered by the Court or to the extent they are presented in connection with a motion. Discovery requests and responses shall be served by electronic mail on Plaintiffs' lead counsel or his designee (who shall circulate the requests and responses to all of the other counsel representing the Plaintiffs) and Defendant's lead counsel or his designee (who shall circulate the requests and responses to all other counsel for the Defendant).

**(g)     Application of Rules of the Court.**

Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota shall govern all further discovery matters in these consolidated actions.

**(h)     Management of Discovery Issues.**

The parties will work together to develop a uniform numbering system to allow for the ease of identification of discovery documents. The parties will both create separate document storage systems but work together to eliminate discovery issues as outlined herein.

**(i)     Privilege Log – Timing.**

A privilege log which complies with the requirements of the Federal Rules of Civil Procedure shall be served by any party withholding documents on the basis of privilege or work product protection within 60 days after production of the responsive documents from which the allegedly privileged or protected documents are being withheld.  Notwithstanding the foregoing sentence, a final privilege log shall be served no later than 30 days after a party certifies that it has substantially completed its document production.

**(j)     Privilege Log - Categories of documents that do not need to be logged.**

The parties do not need to log any of the following categories of withheld documents:

- Attorney-client privileged communications or work product protected documents regarding this or similar litigation written by, to, between, or on behalf of any of the parties or their representatives or counsel after March 30, 2011;

11

- Communications among counsel for Defendant or among counsel for Plaintiff relating to joint litigation efforts following the commencement of any of the actions that are a part of MDL No. 2359; and

- Communications, which are by, to, or between any party to this litigation or its counsel, and/or a consultant retained for the party in respect to this litigation or related litigation or in anticipation thereof, which have been withheld from production, in whole or part, based upon a claim of work product protection and which pertain exclusively to the issues in the Actions, except to the extent production or logging is required by the terms of other Court orders or by agreement of the parties.

**(k)   Draft Expert Reports.**

Consistent with Federal Rule of Civil Procedure 26(b)(4), the parties further agree that an expert's draft reports are work product and shall not be discoverable and that communications between an expert and the attorney who retained the expert, including notes reflecting their communications, are not discoverable.  However, counsel may obtain through discovery any facts or data the expert relied upon in forming his or her opinions, including those facts or data that were provided by counsel.  Counsel may also fully inquire of an expert

12

what facts or data the expert considered in reaching his or her opinion, whether the expert considered alternative approaches, or into the validity of the expert's opinions.

**(l) Inadvertent Production of Privileged or Other Protected Information.**

The Court has entered a Protective Order [Docket No. 19] that provides the procedure for handling inadvertent production of privileged or other protected information.

**(m) Duty to Preserve.**

The parties shall meet and work together to submit an agreed Preservation Order that will detail both the obligations of each to preserve certain evidence and the plan for the production and sharing of same.

**(n) Inspection/Removal of Siding.**

Plaintiffs shall afford Defendant the right to inspect and/or test siding from their properties during any period of fact discovery in this consolidated action (the "Inspection Time Period"), provided Defendant provides prior notice to Plaintiffs' counsel. If a Plaintiff must or chooses to replace his/her James Hardie siding during the pendency of this MDL, then the Plaintiff must provide

13

Defendant with 60-day's prior notice and, if requested, will grant Defendant and its designees the right to be present for any testing and inspection undertaken by the Plaintiff's designee(s). In addition, the Defendant's designee(s) may conduct their own testing and inspection. Either side may take as many siding samples it deems sufficient for purposes of the lawsuit and shall share such samples as agreed to or ordered by the Court. After the inspections and the removal of siding, the Plaintiff has no duty to preserve all removed siding, but may do so at his/her choosing. Defendant agrees that it will not argue that the Plaintiff "spoliated" such evidence if he/she chooses not to preserve the siding, but nothing shall prevent Defendant from arguing that the Plaintiff has failed to meet his/her burden of proof as to all or any part of his/her claim as a result of the siding not being preserved. If both sides demand possession of the removed siding, then the parties will meet and confer to establish a storage facility and cost sharing arrangements. Defendant shall similarly allow Plaintiffs the right to test representative samples of Defendant's siding from its plants during the Inspection Time Period, provided Plaintiffs provide prior notice to Defendant's counsel.

**F.     Trial-Ready Date**

Following the Courts' ruling on Plaintiffs' motion for class certification, the parties, if necessary, will submit a proposed scheduling order setting forth the time for the close of any further discovery, the time for filing of dispositive motions and related briefing, and pre-trial and trial deadlines.

**G.     Insurance Carriers/Indemnitors**

Defendant will produce for inspection and copying any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated:  October 1, 2012            s/ Michael J. Davis
                                                          Michael J. Davis
                                                          Chief Judge
                                                          United States District Court